UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. STINE,

       Plaintiff,                        CIVIL ACTION NO. 07-12301

      v.                                DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF             MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

     This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion for summary judgment be **DENIED**, that plaintiff's motion for summary judgment be **GRANTED**, and that this case be remanded so that the ALJ may perform the necessary inquiry under SSR 00-4p and resolve whether there are, in fact, jobs in the national economy which plaintiff can perform.

### II. Background

     On September 30, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits due to an anxiety disorder following a traumatic brain injury, spinal and back pain, depression and a sleep disorder, with a disability onset date of April 2, 2003. (Tr. 23, 111-

113)  Plaintiff has a bachelor's degree in engineering and a masters in Business Administration, with a work history including employment as a engineer and teacher.  (Tr. 128-130, 665)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 32-36)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 38) Video hearings[1] were held on January 9, 2006 and November 6, 2006, before ALJ Daniel Dadabo  (Tr. 508-670)  Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE) and two medical experts.

On November 22, 2006, the ALJ issued a decision denying plaintiff's claim.  (Tr. 18-29) The ALJ determined that plaintiff had the following medical determinable impairments: "history of sleep disorder and alleged traumatic brain injury; status post thoracolumber spinal compression fractures, cognitive disorder NOS, anxiety disorder without agrophobia; and depression."  (Tr. 23)  The ALJ further determined that plaintiff's impairments were collectively "severe" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  (Tr. 23-34)  In addition, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform:

> at least light work.  Mentally, he requires unskilled, routine tasks learnable in 30 days or less.  He must not be subjected to fixed or rigid production demands, extended oral or written communications, more than superficial interaction with coworkers and supervisors, or contact with the public. [Tr. 24]

---

[1]Plaintiff appeared in Detroit, MI, while the ALJ was in Evanston, IL.  (Tr. 21)

The ALJ further concluded that, while plaintiff could not perform his past relevant work, there were a significant number of jobs in the national economy that he could perform within that RFC. (Tr. 27-28  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 28-29)  Plaintiff was 36 years old at the time of the ALJ's decision. (Tr. 27)

Following the ALJ's denial of his claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 17)  The Appeals Council denied the request on April 20, 2007. (Tr. 4-6)  The ALJ's decision thus became the final decision of the Commissioner.

On May 5, 2007, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for summary judgment.  Plaintiff claims that this case must be remanded because the ALJ failed to comply with SSR 00-4p by inquiring whether the VE's testimony at the hearing was consistent with the *Dictionary of Occupational Titles* (DOT).   The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III.  Legal Standards

### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV. Analysis

Plaintiff argues that his case must be remanded because the ALJ failed to comply with the requirements of SSR 00-4p by asking the VE if there was any conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). In the relevant part, SSR 00-4p provides:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

In this case, while the ALJ stated in his decision that the VE's testimony was consistent with DOT (Tr. 28), the VE was never asked such a questions and the ALJ clearly failed to in his duty to fully develop the record in this case by inquiring, on the record, as to whether the VE's testimony was consistent with the DOT. (Tr. 664-669) However, that error could be harmless and, therefore, not require a remand if the court can determine that there was no actual conflict between the VE's testimony and the DOT. See, e.g., Renfrow v. Astrue, 496 F.3d 918, 921 (7th Cir. 2007) ("In sum, the ALJ's error in failing to ask the vocational expert about possible conflicts between his testimony and the Dictionary of Occupational Titles was harmless, since no such conflict appears to exist."); Massachi v. Astrue, 486 F.3d 1149, 1154 n. 9 (9th Cir. 2007) (failure to follow SSR 00-4p would have been harmless if there had been no conflict between opinion and Dictionary); Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (remand necessary where the Court, on the basis of the record before it, could not determine whether the

expert's testimony was actually inconsistent with DOT); Teverbaugh v. Comm'r of Soc. Sec., 258 F.Supp.2d 702, 706 (E.D. Mich. 2003) (remand necessary where the VE's testimony was the only step five evidence that the ALJ relied upon, the ALJ failed to ensure there was no conflict, and there was no other means of determining whether plaintiff could perform identified jobs).

The Commissioner concedes that the ALJ failed to comply with SSR 00-4p, but contends that the error was harmless because of the significant number of the jobs, testified to by the VE and cited by the ALJ, consistent with the DOT.

In response to the hypothetical question, the VE testified that, with the limitations outlined by the ALJ, a person could work in some jobs:

> These jobs would be general assembly work. They would also be some inspection (INAUDIBLE) general labor. It usually means sorting or tagging or (INAUDIBLE) stuff like that. For the lower part of Michigan -- State of Michigan, general assembly moderate to light level, the data I have indicated there's about 7,000 positions. For inspection there is approximately 2,200. And for general labor about 5 -- 5,000 positions. [Tr. 667]

That testimony was the sole evidence the ALJ relied upon in making his step five determination. Specifically, the ALJ wrote "[t]he vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as assembler (7000), inspector (2200), and general laborer (sorter, tagger) (5000)." (Tr. 28) In its brief, the Commissioner argues that such occupations are found in job codes § 701.687-010 ASSEMBLER (cutlery-hrdwr.) alternate titles: pinner[2], § 573.687-034

---

[2]§ 701.687-010 ASSEMBLER (cutlery-hrdwr.) alternate titles: pinner: "Joins parts, such as handles, blades, gears, or springs to assemble articles, such as pliers, knives, razors, shears, knife sharpeners, can openers, and ice crushers: Positions parts together, following guides such

SORTER (brick & tile) alternate titles: inspector; yard pipe grader[3], and § 529.687-114 INSPECTOR (sugar & conf.)[4]. The Commissioner attached full descriptions of those job codes as exhibits to its brief.

The VE did not provide any job codes in his testimony. Moreover, even assuming plaintiff identified the correct codes for the jobs the VE testified about, each job cited to by plaintiff, as defined by the DOT, may require specific capabilities beyond plaintiff's limitations. In this case, the ALJ determined that plaintiff cannot be subjected to fixed or rigid production

---

as holes, edges, and prongs. Rivets, bolts, or screws parts together, using hammer, riveting machine, wrench, or pneumatic screwdriver. May drill, ream, or tap holes in parts of pliers, using drill press. May use clamps, pneumatic or screw presses, and other work aids to hold parts during assembly. May be designated according to article assembled as Assembler, Knife (cutlery-hrdwr.); Electric-Razor Assembler (cutlery-hrdwr.); Shear Assembler (cutlery-hrdwr.). GOE: 06.04.23 STRENGTH: L GED: R2 M1 L2 SVP: 2 DLU: 77"

[3] § 573.687-034 SORTER (brick & tile) alternate titles: inspector; yard pipe grader: Sorts burned clay products, such as brick, roofing tile, and sewer pipe, according to form, color, and surface characteristics: Picks up products from kiln car, pallet, or handtruck, and examines products for defects, such as cracks, chipped edges, squareness, and discoloration. Sorts products into piles according to varying degrees of characteristics. Discards unusable products. May stack bricks in specified pattern for banding by machine. May be designated according to product sorted as Brick Sorter (brick & tile); Roofing-Tile Sorter (brick & tile); Sewer-Pipe Sorter (brick & tile). GOE: 06.03.02 STRENGTH: L GED: R2 M2 L2 SVP: 2 DLU: 78

[4] § 529.687-114 INSPECTOR (sugar & conf.): "Inspects candy or chewing gum in containers or on conveyor to ensure that it is formed, coated, cupped, wrapped, or packed according to plant standards: Weighs containers [WEIGHER, PRODUCTION (any industry) 929.687-062]. Rewraps, recups, rearranges, or replaces pieces not meeting standards. May stamp date of inspection on boxes or return them to packing department with reason for rejection. May pack boxes in shipping cartons. GOE: 06.03.02 STRENGTH: L GED: R2 M1 L2 SVP: 2 DLU: 77"

demands, extended oral or written communications, more than superficial interaction with coworkers and supervisors, or contact with the public. (Tr. 24) It is not clear whether the DOT's requirements include such skills, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. The court cannot determine, based on the record, whether the expert's testimony regarding what jobs plaintiff can do is actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council. The court will defer to an ALJ's decision if it is supported by "substantial evidence," but here there is an unresolved potential inconsistency in the evidence that should have been resolved. The ALJ's decision should be vacated and this case remanded so that the ALJ can determine whether the job requirements identified by the vocational expert are, in fact, consistent with the definitions in the DOT and plaintiff's limitations. See, e.g., Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (remand necessary where the Court, on the basis of the record before it, could not determine whether the expert's testimony was actually inconsistent with DOT); Teverbaugh v. Comm'r of Soc. Sec., 258 F.Supp.2d 702, 706 (E.D. Mich. 2003) (remand necessary where the VE's testimony was the only step five evidence that the ALJ relied upon, the ALJ failed to ensure there was no conflict, and there was no other means of determining whether plaintiff could perform identified jobs).

## V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **DENIED**, that plaintiff's motion for summary judgment be **GRANTED**,

and that this case be remanded so that the ALJ may perform the necessary inquiry under that SSR 00-4p and resolve whether there are, in fact, jobs in the national economy which plaintiff can perform.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: February 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 27, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan